**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

RICK FONTAINE and "Cheryl"                                    **PLAINTIFFS**
MAYE SHOEMAKER

V.                                                     **CAUSE NO. 3:14-CV-357-CWR-LRA**

UNITED PARCEL SERVICE, INC.                                   **DEFENDANTS**
INDIVIDUALLY AND D/B/A/ UPS and
JOHN DOE

## <u>MEMORANDUM OPINION & ORDER</u>

Before the court is plaintiffs' motion to voluntary dismiss this action. Docket No. 78.

Defendants have responded in opposition. Docket No. 80. Having considered the arguments of

both parties, this court finds that plaintiffs' motion is not well-taken and, therefore, denies

plaintiffs' motion for voluntary dismissal.

This case stems from an automobile accident that occurred on September 26, 2013, in

which plaintiffs Rick Fontaine and Cheryl Maye Shoemaker allege that they were negligently

struck by an unidentified United Parcel Service, Inc. ("UPS") employee. *See* Docket No. 1, Pl.s'

Compl. at 3-4. On April 7, 2014, plaintiffs filed suit in the Circuit Court of Simpson County,

Mississippi. *Id*. On April 30, 2014, the case was removed to federal court pursuant to 28 U.S.C.

§§ 1332, 1441.

Federal Rule of Civil Procedure 41(a)(2) provides the standard for a plaintiff's motion for

voluntary dismissal: "[A]n action shall not be dismissed at the plaintiff's instance save upon

order of the court and upon such terms and conditions as the court deems proper. . . . Unless

otherwise specified in the order, a dismissal under this paragraph is without prejudice." *Id*. "The

decision to grant or deny a motion for a voluntary dismissal under Rule 41(a)(2) is within the

sound discretion of the district court." *Fuhgetaboutit, LLC v. Columbus Police Dep't*, No. 1:10-CV-207-SA-JAD, 2011 WL 4529665, at *2 (N.D. Miss. Sept. 28, 2011) (citing *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990)).

The Fifth Circuit Court of Appeals has held that "dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990) (citation omitted). "Typical examples of such prejudice occur when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense." *Fuhgetaboutit, LLC v. Columbus Police Dep't*, No. 1:10-CV-207-SA-JAD, 2011 WL 4529665, at *3 (N.D. Miss. Sept. 28, 2011) (citation omitted).

The purpose of plaintiffs' current motion is to dismiss this suit and add UPS to an underlying state court suit where plaintiffs have sued the driver of the UPS truck, William Glenn Arnold.[1] *See* Mem. of Auth. In Supp. of Pl.s' Mot. for Vol. Dismissal, Docket No. 79. Plaintiffs argue that the defendants will not be prejudiced if plaintiffs' motion is granted. Defendants state, among other reasons, that plaintiffs seek their motion at a late stage of the pretrial proceedings, therefore, their motion should be denied.

The court, having carefully scrutinized the arguments, agrees with the defendants. Like in *U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003), where the Fifth Circuit affirmed the district court's denial of plaintiff's motion to dismiss under Rule 41(a)(2), the current plaintiffs have filed this motion nine months after filing suit, after months of filing pleadings, attending conferences, motion hearings, and after the discovery process already had

---

[1] Plaintiffs filed their lawsuit against Arnold after the current suit was filed. Because Arnold is a Mississippi resident, diversity jurisdiction would no longer be satisfied. *See* 28 U.S.C.A. § 1332.

begun. *Id.* (denying plaintiff's motion after plaintiff filed nine months after filing suit, and after months of filing pleadings in addition to other motions and attending conferences). In this case not only has discovery begun, but plaintiffs have filed their motion on the eve of the discovery deadline.

Moreover, in a hearing held on October 30, 2014, the court learned that plaintiffs had the identity of the UPS driver in their file, but did nothing with it. At the hearing, the court denied plaintiffs the opportunity to file motions to amend the pleadings and join Arnold as a party to this suit. And the court sees no compelling reason for Arnold to be a party, since UPS has accepted responsibility for Arnold's actions. *Children's Med. Group, P.A. v. Phillips*, 940 So.2d 931, 935 (Miss. 2006) ("Under the doctrine of respondeat superior, the master is liable for the acts of his servant which are done in the course of his employment and in the furtherance of the master's business." (citation omitted)); *see also Sykes v. Home Health Care Affiliates, Inc.*, 125 So.3d 107, 109 (Miss. Ct. App. 2013) (employer and employee are jointly and severally liable for injury caused by employee's negligence under the respondeat superior doctrine).

Accordingly, the court finds that the plaintiffs' motion to voluntary dismiss this matter is denied.

SO ORDERED this the 28th day of January 28, 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE